UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARCUS GROSS,

                Petitioner,

        -against-                           ORDER

JAMES JOHNSON, Acting               No. 20-CV-7833 (CS) (PED)
Superintendent of Green Haven
Correctional Facility,

                Respondent.
------------------------------------------------------x

Seibel, J.

      Before the Court is Petitioner's objection, (ECF No. 28), to the Report and Recommendation of United States Magistrate Judge Paul E. Davison, (ECF No. 25 (the "R&R")), recommending that this Court deny Petitioner's application for a writ of *habeas corpus*. The Court assumes the parties' familiarity with the underlying facts, the procedural history of the case, the R&R, and the standards governing petitions pursuant to 28 U.S.C. § 2254.

      A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352

(E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Petitioner does not object to the Magistrate Judge's rulings regarding the prosecutor's comments that Petitioner was a "puppet master," "supreme manipulator," and "con man," but claims the Magistrate Judge did not address the prosecutor's comments mentioning "rape," "force" and "medical science." This is hardly surprising, as the Petition made no mention of those comments. Because they were not included in the Petition and were only raised in reply, they are not properly before the court. *See James v. Doldo*, No. 20-CV-280, 2022 WL 3030388, at *4 n.2 (E.D.N.Y. Aug. 1, 2022) (claim appearing for first time only in reply is not properly before Court and thus disregarded); *Boyd v. Sticht*, No. 18-CV-6614, 2022 WL 2704526, at *6 (W.D.N.Y. July 12, 2022) ("To the extent the reply attempts to raise claims not set forth in the Petition . . . the Court declines to consider them."); *Rodriguez v. Superintendent of Clinton Corr. Facility*, No. 18-CV-6202, 2021 WL 51445, at *8 (S.D.N.Y. Jan. 6, 2021) ("[C]ourts in this Circuit have routinely held that only claims raised in a Section 2254 petition itself are

appropriately considered in habeas proceedings, and that claims raised solely in the petitioner's reply should not be reviewed."), *appeal dismissed*, No. 21-344, 2021 WL 3627637 (2d Cir. Aug. 12, 2021).[1]

In any event, any claims as to those remarks are unexhausted, because Petitioner's counsel did not object to them at trial and they were not raised on appeal or in Petitioner's state-court collateral attacks, and if they were deemed exhausted, they would be procedurally defaulted. *See, e.g., Inman v. Capra*, No. 17-CV-6218, 2020 WL 7770231, at *6 (W.D.N.Y. Dec. 30, 2020). Finally, even if they were properly before this Court, it is clear in context that they were – as the Appellate Division and the Magistrate Judge found with regard to the remarks Petitioner did raise – fair comment on the evidence or fairly responsive to Petitioner's arguments, including his attacks on the victim's credibility. *See* R&R at 14-18; *People v. Gross*, 172 A.D.3d 741, 744, 99 N.Y.S.3d 367, 371 (2d Dep't 2019), *leave to appeal denied*, 33 N.Y.3d 1105 (2019). There is no possibility, in light of the trial judge's instructions, that the jury could have been misled as to the crimes charged.

In short, Petitioner's objections, which I have reviewed *de novo*, are without merit, and I find no error, clear or otherwise, in the portions of the R&R as to which no objection has been raised.

Accordingly, the R&R is adopted as the decision of the Court. The Petition is dismissed. As the Petition makes no substantial showing of the denial of a constitutional right, a certificate

---

[1] The Court will send Petitioner copies of any unreported decisions cited in this Order.

of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: October 31, 2022
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.